IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NORTH AMERICAN COMMUNICATIONS, INC., <br> Plaintiff, <br><br> v. <br><br> JOSEPH SESSA, <br> Defendant. | NO. 3:14-CV-227 <br><br> JUDGE <br><br> **FILED ELECTRONICALLY** |

## COMPLAINT

Plaintiff, North American Communications, Inc. ("NAC" or "Plaintiff"), by and through its undersigned attorneys, Rhoads & Sinon LLP, files the within Complaint and avers as follows:

## INTRODUCTION

1. Plaintiff brings this action for declaratory judgment to establish the termination of the verbal independent contractor agreement with Defendant, Joseph Sessa ("Defendant"), as of September 11, 2014, and therefore, the termination of any payment obligations to Defendant after September 11, 2014.

2. Defendant has improperly obtained, and continues to retain, confidential and proprietary information and trade secrets from NAC.

3. Significant resources and finances have been invested to develop the valuable, proprietary information and confidential trade secret information possessed by Defendant.

967669.4

## THE PARTIES

4. NAC is a business corporation organized under the laws of the Commonwealth of Pennsylvania, having its principal place of business at 141 NAC Drive, Duncansville, Pennsylvania 16635.

5. Upon information and belief, Defendant is an adult individual residing at 196 Town Office Road, Troy, New York 12180.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction over this action by virtue of 28 U.S.C. § 2201 *et seq.*, inasmuch as the issues implicate a declaration of the rights and other legal relations of the parties.

7. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. §1332(a) because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

8. This Court has supplemental jurisdiction over claims arising under state law pursuant to 28 U.S.C. § 1367(c).

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims stated in this Complaint occurred in this district. The trade secret property at issue exists in this district. The principal office of Plaintiff is located in this district, and Plaintiff regularly conducts its business in this district. Acts of Defendant have occurred in this district. The injury complained of is being inflicted in this district.

10. Defendant is subject to personal jurisdiction in this district by virtue of, among other things, doing business in the Commonwealth of Pennsylvania as an independent contractor

of Plaintiff, causing harm in the Commonwealth by acts or omissions done outside and inside the Commonwealth while deriving substantial revenue or benefit there from, marketing its goods and services in the Commonwealth, and otherwise having substantial contact with this Commonwealth.

## FACTUAL BACKGROUND

11. NAC entered into a business arrangement with Defendant whereby Defendant operated as an independent contractor and/or sales representative of NAC to solicit orders for NAC.

12. Defendant, as an independent sales representative of NAC, solicited orders for direct mail manufacturing and other services offered by NAC.

13. As an independent contractor of NAC, Defendant received compensation in an amount equal to a negotiated commission based on the net income of the solicited order, and the reimbursement of reasonable expenses related directly to Defendant's actions on behalf of NAC.

14. NAC and Defendant did not enter into a written agreement regarding Defendant's role as an independent sales representative for NAC.

15. As an independent sales representative of NAC, Defendant was privy to NAC's trade secrets and confidential and proprietary information, including but not limited to customer and client lists, prospective customer and client lists, NAC's processes, pricing structure, and related information.

16. Upon information and belief, while still soliciting orders on behalf of NAC, Defendant contacted NAC's current customers and clients in an attempt to solicit business away from NAC and to another entity with whom Defendant was also performing services.

17. Upon information and belief, Defendant utilized NAC's trade secrets and confidential or proprietary information to solicit NAC's current customers and clients in an attempt to divert business to another entity with whom Defendant was also performing services both prior to, and following, the termination of Defendant's business relationship with NAC.

18. Upon information and belief, Defendant disclosed NAC's trade secrets and confidential or proprietary information to another entity with whom Defendant was also performing services both prior to, and following, the termination of Defendant's business relationship with NAC.

19. On September 11, 2014, Defendant was notified by letter from NAC's counsel that his business relationship with NAC was terminated, effective immediately. A true and correct copy of the September 11, 2014 letter is attached hereto as Exhibit "A."

20. Through the termination date of the business relationship between NAC and Defendant, i.e. September 11, 2014, Defendant received the payment of commissions due and owing to him based on his solicited orders for NAC, as well as reimbursement for the reasonable expenses that Defendant incurred relating directly to Defendant's actions on behalf of NAC.

21. Following the termination of Defendant's role as an independent sales representative for NAC on September 11, 2014, Defendant was no longer entitled to any additional commissions or reimbursement of expenses.

22. Defendant was only entitled to the receipt of commissions from NAC during the length of the business relationship between Defendant and NAC.

23. Via correspondence dated October 1, 2014, Defendant, through counsel, asserted that he is entitled to continuing commissions and demanded payment of such commissions

through December, 2015. A true and correct copy of the October 1, 2014 correspondence is attached hereto as Exhibit "B."

24. Plaintiff disputes that Defendant is entitled to any additional commissions.

## COUNT I

### Declaratory Judgment

25. The preceding paragraphs are incorporated herein by reference.

26. As an independent sales representative for NAC, all obligations to Defendant terminated as of the termination date of Defendant's business relationship with NAC.

27. There is no written or verbal agreement between Defendant and NAC that in any way states that Defendant is entitled to any compensation from NAC following the termination of his role as an independent sales representative for NAC.

28. Defendant was entitled to compensation from NAC only at the time that Defendant solicited an order from a client of NAC, not throughout the length of NAC's agreement with the client.

29. Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, this Court may declare the rights and other legal relations of any interested party.

30. There exists a real and actual controversy between Plaintiff and Defendant.

31. There exist antagonistic claims indicating imminent and inevitable litigation.

32. Specifically, there exists a dispute over whether and to what extent Defendant is entitled to compensation from NAC following the termination of his role as an independent sales representative for NAC.

33. The interests of the parties will be best served if this Court will enter a declaratory judgment setting forth the rights of the parties with respect to this dispute.

34. The relief sought by Plaintiff will resolve the controversy relative to the respective interests of Plaintiff and Defendant.

35. A declaratory judgment is particularly appropriate for issues of contractual interpretation.

## COUNT II

### Breach of Fiduciary Duty

36. The preceding paragraphs are incorporated by reference herein.

37. The aforesaid actions by Defendant constitute a breach by Defendant of the common law fiduciary duties which Defendant owed and owes to Plaintiff.

38. Specifically, Defendant has a duty not to disclose Plaintiff's trade secrets or confidential information or compete with Plaintiff's business.

39. Defendant obtained access to proprietary information and trade secrets due to his role as an independent contractor for NAC.

40. Defendant had an obligation under Pennsylvania law not to disclose the confidential and proprietary information he obtained.

41. Defendant was in a position of trust and confidence with Plaintiff and owes Plaintiff a fiduciary duty with respect to Plaintiff's confidential and proprietary information and trade secrets.

42. Defendant breached his fiduciary duty to Plaintiff by disclosing Plaintiff's proprietary and confidential information and trade secrets.

43. Defendant's actions were willful, intentional, and unprivileged, thereby entitling Plaintiff to punitive damages.

44. Defendant's actions have caused or will cause damages to Plaintiff.

45. Plaintiff is entitled to compensatory damages in an amount to be determined, plus punitive damages, attorney's fees, costs, and such other legal or equitable relief as the Court deems appropriate.

## COUNT III

### Tortious Interference with Current and Prospective Business Relationships

46. The preceding paragraphs are incorporated by reference herein.

47. The actions taken by Defendant, as set forth above, were and are intended to harm Plaintiff by interfering with Plaintiff's current and prospective business relationships.

48. Specifically, Defendant has wrongfully and unlawfully obtained, and continues to retain, confidential information and trade secrets owned and developed by Plaintiff.

49. Defendant has impacted or intends to impact Plaintiff's ability to perform its business and cause current and prospective clients to conduct business with Defendant instead of with Plaintiff.

50. As a result of Defendant's conduct, Plaintiff's current and prospective business relationships have suffered and will continue to suffer harm.

51. Defendant's actions are willful, intentional, unprivileged, and malicious, thereby subjecting Defendant to punitive damages.

52. Defendant lacks privilege or justification for such interference.

53. As a result of the foregoing, Plaintiff is entitled to compensatory damages in an amount yet to be determined, for punitive damages, attorneys' fees, costs, and other such legal or equitable relief that this Court deems proper.

## COUNT IV

### Violation of the Pennsylvania Uniform Trade Secrets Act

54. The averments in the proceeding paragraphs are incorporated by reference as though more fully set forth herein.

55. As set forth above, Defendant is in the possession of valuable confidential and proprietary information and trade secrets concerning Plaintiff's business, and such information and trade secrets are protected by the Pennsylvania Uniform Trade Secrets Act, 12 PA. CONS. STAT. §5301 *et. seq.* ("PUTSA").

56. As an independent contractor of Plaintiff, Defendant knew that the aforementioned confidential and proprietary information and trade secrets were acquired under circumstances giving rise to a duty to maintain their secrecy and limit their use.

57. Moreover, upon information and belief, Defendant has obtained (and continues to retain) confidential and proprietary information relating to Plaintiff's clients, customers, processes and other such information from Plaintiff's databases through "improper means," as defined by the PUTSA.

58. Upon information and belief, the Defendant has used, or will inevitably use, the aforementioned confidential and proprietary information and trade secrets to his own personal benefit and to the detriment of Plaintiff.

59. Defendant's actions are willful, intentional, unprivileged, and malicious, thereby subjecting Defendant to exemplary damages.

60. As a result of the foregoing, Plaintiff is entitled to compensatory damages in an amount yet to be determined pursuant to 12 PA. CONS. STAT. §5304(a), exemplary damages pursuant to 12 PA. CONS. STAT. §5304(b), attorneys' fees, expenses, and costs pursuant to 12

PA. CONS. STAT. §5305, and such other legal or equitable relief that this Court deems just and proper.

## COUNT V

### Unfair Competition

61. The averments in the proceeding paragraphs are incorporated by reference as though more fully set forth herein.

62. By engaging in the aforementioned conduct, Defendant has engaged in unfair competition with Plaintiff by, *inter alia*, soliciting its current and prospective clients, utilizing trade secrets, and retaining confidential and proprietary information unlawfully.

63. The actions of Defendant have been willful, intentional, and unprivileged, and have caused, and continue to cause, irreparable harm as well as imminent monetary damages to Plaintiff in an amount yet to be determined.

64. As a result of the foregoing, Plaintiff is entitled to compensatory damages in an amount yet to be determined, for punitive damages, attorneys' fees, costs, and other such legal or equitable relief that this Court deems proper.

### Prayer for Relief

**WHEREFORE**, Plaintiff North American Communications, Inc. respectfully requests:

(1) A declaration that: (a) Defendant Joseph Sessa was entitled to compensation from NAC only at the time that Defendant solicited an order from a client of NAC, not throughout the length of NAC's agreement with the client; and (2) Defendant Joseph Sessa's entitlement to the payment of commissions by NAC ended as of his termination;

(2) Judgment in favor of Plaintiff and against Defendant for all direct, consequential, compensatory, incidental, and special damages arising out of Defendant's aforesaid wrongful conduct, including punitive damages, attorneys' fees, and costs; and

(3) Such other legal or equitable relief as the Court deems proper and just.

Respectfully submitted,

RHOADS & SINON LLP

Dated: October 21, 2014    By: /s/ *Robert J. Tribeck*
Robert J. Tribeck, Esquire
Pa. I.D. No. 74486
John R. Martin, Esquire
Pa. I.D. No. 204125
One South Market Square, 12th Floor
Harrisburg, PA  17101
Phone:  717.233.5731
rtribeck@rhoads-sinon.com
jmartin@rhoads-sinon.com

*Attorneys for Plaintiff*